1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   XIAOHUA HUANG,                          No.  2:20-cv-1713-JAM-KJN PS

12                  Plaintiff,                ORDER DENYING MOTION TO STRIKE
                                              AND GRANTING LEAVE TO AMEND
13          v.
                                              (ECF Nos. 13, 22, 32.)
14   GENESIS GLOBAL HARDWARE, INC.,

15                  Defendant.

16

17          Plaintiff, who is proceeding without counsel in this action, alleges direct- and indirect-

18   patent-infringement claims against defendant.  (ECF No. 10.)  Defendant moves to dismiss the

19   first amended complaint ("1AC") under Rule 12(b)(6)[1] for failure to state a claim.[2]  (ECF No.

20   13.)  Plaintiff opposed dismissal, and also moved to strike defendant's motion for untimeliness.

21   (ECF No. 22, 23, 32.)  Defendant replied, and the court held a hearing on the matter on December

22   10, 2020.  (ECF Nos. 25, 29.)

23          The court DENIES plaintiff's motion to strike, and GRANTS plaintiff leave to amend his

24   complaint.

25   ///

26   _____

     [1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.
27
     [2] This matter was referred to the undersigned pursuant to 28 U.S.C. Section 636 and Local Rule
28   302(c)(21).

                                                  1

1    **BACKGROUND**[3]

2          Plaintiff allegedly owns United States Patent No. 6,999,331 (the "'331 patent"), which is

3    titled "CAM Cells and Differential Sense Circuits for Content Addressable Memory."  (ECF No.

4    10 at 11.)  The '331 patent was issued on February 14, 2006, and involves "Ternary Content

5    Addressable Memory" ("TCAM") technology used in the semiconductor industry.  (Id. at 1-2,

6    11.)  TCAM designs are used inside integrated circuit ("IC") chips, which are used in internet

7    routers, wireless routers, ethernet routers, switches, and data switches.  (Id. at 2.)

8          Defendant Genesis Global Hardware "refurbishes and sells networking routers and

9    switches to its customers to build networks and access internet systems."  (Id. at 5.)  After

10   plaintiff searched defendant's website, he learned that defendant sold Cisco routers and switches,

11   including Cisco Nexus 3548 Switches and ASR 1000 Aggregation Service Routers.  (Id.)  The

12   First Amended Complaint ("1AC") alleges, "based on information ([d]ata sheet, reverse

13   engineering, and information obtained)," these Cisco products have eight features, as

14   demonstrated by "the schematic (f) and (g) in Exhibit T" (attached to the 1AC).  (Id. at 4.)  The

15   1AC then asserts that Exhibit T includes an analysis on how the TCAM used in the IC chips of

16   these Cisco switches and routers infringe claim 1 of the '331 patent.  (Id.)  Exhibit T is a

17   declaration from a Mr. Liu, who (it appears) compared the '331 patent to a set of schematics

18   provided by plaintiff, and who states that these schematics infringe on the TCAM in the '331

19   patent.  (Id. at 48-58.)  The 1AC also states that plaintiff shared his TCAM designs with two

20   Cisco executives in the early 2000s.  (Id. at 3.)

21         On August 27, 2020, plaintiff filed a complaint against Genesis Global Hardware, Inc.,

22   alleging direct and indirect patent infringement.  (ECF No. 1.)  On October 15, 2020, defendant

23   moved to dismiss.  (ECF No. 8.)  On October 23, plaintiff filed the now-operative first amended

24   _____

25   [3] These background facts derive mainly from the first amended complaint.  (ECF No. 10).  Well
     pleaded facts are construed in the light most favorable to plaintiff—the non-moving party.
26   Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, though the court
     repeats some of plaintiff's conclusory statements from the complaint, these assertions will not be
27   relied upon in the analysis.  See Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (In
     deciding a motion to dismiss for failure to state a claim, the court need not rely on "legal
28   conclusions merely because they are cast in the form of factual allegations.").

complaint.  (ECF No. 10.)  On October 28, the court mooted out defendant's first motion to

dismiss.  (ECF No. 12.)  On November 12, defendant again moved to dismiss, setting the matter

for a December 10, 2020 hearing.  (ECF No. 13.)  That same day, plaintiff requested an entry of

default against defendant.  (See ECF Nos. 15.)  On November 18, 2020, the clerk declined to

enter default due to the pending motion to dismiss.  (ECF No. 19.)  On November 22, 2020,

plaintiff moved to strike defendant's motion to dismiss, raising the same timeliness argument

briefed in his request for entry of default judgment.  (See ECF No. 22.)  The motion was

deficient, and plaintiff refiled on December 11, 2020.  (ECF No. 32.)

**DISCUSSION**

**I.      Plaintiff's Motion to Strike**

Plaintiff requested the court strike defendant's motion to dismiss, arguing that under Rule

12(a)(4), defendant was required to file a response to the 1AC by November 6, 2020.  (See ECF

No. 22 at 2.)  Defendant maintains its motion to dismiss the 1AC was timely filed because the

court did not issue its order on the original complaint until October 28.  Thus, defendant contends

the deadline to respond was November 12—the day defendant's motion to dismiss was filed.

(See ECF No. 16.)

Prior to the hearing, the court notified plaintiff that his motion to strike was defective, as it

failed to comply with the court's local rules.  See Local Rule 230(b) (requiring all motions to be

noticed on the motion calendar, appropriately noticed, and set for a hearing "not less than 28 days

after service).  (ECF No. 24.)  Plaintiff was provided with this court's available law and motion

dates, and refiled it the day after the hearing.  (Id.)  Despite this defect, the court now resolves

plaintiff's motion on the merits.

Legal Standard

"Unless the court orders otherwise, any required response to an amended pleading must be

made within the time remaining to respond to the original pleading or within 14 days after service

of the amended pleading, whichever is later."  Rule 15(a)(3).  Further, "[u]nless the court sets a

different time, serving a motion under this rule alters these periods as follows: (A) if the court

1    denies the motion or postpones the disposition until trial, the responsive pleading must be served

2    within 14 days after notice of the court's action."  Rule 12(a)(4).

3         Analysis

4         Plaintiff's original complaint was filed on August 27, 2020.  (ECF No. 1.)  On October

5    15, defendant filed a motion to dismiss.  (ECF No. 8.)  Plaintiff filed a first amended complaint

6    on October 23.  (ECF No. 10.)  As a result, on October 28, this court mooted defendant's motion

7    to dismiss.  (ECF No. 12.)  On November 12, defendant filed a motion to dismiss the 1AC.  (ECF

8    No. 13.)

9         Plaintiff fervently pressed the issue at the December 10th hearing, despite being told

10   multiple times that his motion was not well taken.[4]  Plaintiff's motion fails for the simple fact that

11   on October 28, the court resolved defendant's motion to dismiss the original complaint.  Thus,

12   defendant's response to the 1AC was not due until fourteen days later, on November 11.  See

13   Rule 12(a)(4).  However, because November 11 was a legal holiday, defendant had until

14   November 12 to file a response to the 1AC.  See Rule 6(a)(6)(A) (Veterans' Day is a legal

15   holiday under the Federal Rules of Civil Procedure).  Defendant filed its motion to dismiss on

16   November 12, making it a timely response.  (ECF No. 13.)  Accordingly, plaintiff's motion to

17   strike is denied.

18        **II.    Defendant's Motion to Dismiss**

19        Defendant moves to dismiss the 1AC, arguing plaintiff has not alleged sufficient facts to

20   state a claim for relief.  (ECF 13.)  Defendant contends the 1AC includes no plausible allegations

21   of direct or indirect (contributory or induced) infringement.

22

23

24   [4] Plaintiff's conduct at the hearing—continuing to argue decided matters, yelling at the court and
     parties—is evidence of vexatious conduct.  The court will not pursue any vexatious-litigant orders
25   against plaintiff at this time, but plaintiff is warned that continued conduct of this nature may
     result in the court entering a pre-filing order against him—which may result in dismissal of this
26   case, and may prevent the filing of new cases in this court.  See De Long v. Hennessey, 912 F. 2d
     1144, 1146 (9th Cir. 1990) (noting that district courts have authority under the All Writs Act, 28
27   U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court
     proceedings).
28

4

1    Plaintiff generally cites to facts in his 1AC and exhibits, and offers additional exhibits and

2    facts in his opposition motion, to argue he has alleged sufficient facts.  (ECF No. 23.)

3         Legal Standard

4    Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading be "(1) a short

5    and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement

6    of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought,

7    which may include relief in the alternative or different types of relief."  See Swierkiewicz v.

8    Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting

9    point of a simplified pleading system, which was adopted to focus litigation on the merits of a

10   claim.").  Each allegation must be simple, concise, and direct.  Rule 8(d)(1).

11        Under Rule 12(b), a defendant may present certain defenses to claims raised in a pleading.

12   One such defense concerns whether a complaint has "fail[ed] to state a claim upon which relief

13   can be granted."  Rule 12(b)(6).  This challenge tests whether the complaint lacks either a

14   cognizable legal theory or sufficient facts to support a cognizable legal theory.  Mollett v. Netflix,

15   Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

16        In evaluating whether a complaint states sufficient facts on which to base a claim, all well-

17   pleaded factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

18   the complaint must be construed in the light most favorable to the non–moving party, Corrie v.

19   Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept

20   as true "conclusory [factual] allegations that are contradicted by documents referred to in the

21   complaint," or "legal conclusions merely because they are cast in the form of factual allegations."

22   Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to

23   state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or

24   "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550

25   U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted

26   as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

27   678 (2009) (quoting Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content

28

5

1    that allows the court to draw the reasonable inference that the defendant is liable for the

2    misconduct alleged."  Id.

3          Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 fn. 7

4    (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

5    to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure

6    them—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d

7    1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, leave to

8    amend need not be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

9          Analysis

10         The 1AC alleges defendant has:  (1) "infringed and continues to infringe directly,

11   indirectly, literally, on doctrine of equivalents, one or more claims of the '331 patent through the

12   sale of Cisco switches and routers containing TCAM"; (2) "induced its customers to infringe and

13   continue to infringe one or more claims of the '331 patent by transferring data through

14   networking routers and switches or internet and data centers"; and (3) contributorily infringed one

15   or more of the claims of the '331 patent "by its customers adding its switches and routers to

16   internet systems and transferring data through the TCAM for its basic ACL (access control list)

17   and QoS (quality of service) functions."  (See ECF No. 10 at 6-7.)

18         Defendant's concern is that for the direct-infringement claim, the facts in the 1AC do not

19   connect any Cisco products to Mr. Liu's report.  The 1AC relies heavily on Exhibit T, which is

20   properly attached to the complaint.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896

21   F.2d 1542, 1555 (9th Cir. 1989) (material properly submitted with the complaint, such as exhibits,

22   may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss).

23   However, this exhibit makes no mention of any Cisco products (or any product, for that matter).

24   Further, defendant notes the indirect-infringement claims appear to be based solely on two emails

25   from Cisco executives in the early 2000s and defendant's conduct after this lawsuit was filed.

26   The emails might support claims against Cisco but have no bearing on why plaintiff believes

27   defendant Genesis knew of the alleged infringement and induced its customers to infringe.  The

28   1AC provides no other indication that Genesis was aware of the '331 patent, much less any

                                              6

alleged application of its claims in the IC chips, prior to this lawsuit.  See, e.g., Insituform Technologies, Inc. v. Cat Contracting, Inc., 161 F.3d 688, 695 (Fed. Cir. 1998) (finding no induced infringement because liability could not be predicated on any acts that occurred prior to defendant becoming aware of the patent); Cybiotronics, Ltd. v. Golden Source Electronics Ltd., 130 F.Supp.2d 1152, 1165–66 (C.D. Cal. 2001) (dismissing inducement and contributory infringement claim due to lack of evidence that accused infringer knew of the patent prior to the lawsuit).  Plaintiff stated in his opposition briefing that "Genesis knows it has induced its customers to infringe."  (ECF No. 23 at 3.)  However, these kinds of conclusory assertions do not suffice under federal pleading standards.  See Anza Tech., Inc. v. Hawking Techs., Inc., 2016 WL 8732648, at *5 (S.D. Cal. Nov. 4, 2016) (discarding conclusory argument that defendant "knows precisely what are its 'electronics hardware products'" that are implicated).

At the hearing, plaintiff stated that he could provide additional facts to connect the Cisco products and Genesis to the '331 patent.  Given plaintiff's litigation history[5] and pro se status,

---

[5] The court notes other patent cases plaintiff has brought as a pro se litigant, which include citations to plaintiff's history of vexatious conduct and inability to follow the federal and local rules of court—despite being given multiple opportunities to do so.  See, e.g., Huang v. MediaTek USA, Inc., 815 Fed. Appx. 521 (Fed. Cir. 2020) (affirming district court's dismissal of plaintiff's pro se infringement claims, despite "four opportunities to serve proper contentions . . ., multiple warnings, and ample guidance from the district court."); Huang v Open-Silicon, Inc., 2018 U.S. Dist. LEXIS 221487 (N.D. Cal Aug. 27, 2018) (granting product manufacturer's motion to intervene in an infringement suit against small seller of products, staying case to await resolution of manufacturer's patent invalidity suit, and denying plaintiff's motion to amend for failure to follow the local rules, failure to offer more than just boilerplate in the proposed amendments, and failure to demonstrate good faith attempts at supporting factual inferences); Huang v. Huawei Technologies Co., Ltd., 2017 WL 1133201 (E.D. Tx. Mar. 27, 2017) (sanctioning plaintiff for his "bad faith and abuse of the judicial process").

Further, at one point the 1AC refers to a different company—Sapia Networks, which plaintiff also sued for violation of the '331 patent.  See, e.g., Huang v Sapia Networks, 2:20-cv-1706-JAM-DB (E.D. Cal. Aug 26, 2020).  Multiple suits against multiple defendants is usually of no concern to a court in resolving a plaintiff's pleadings.  However, in plaintiff's complaint against Sapia, he also relies heavily on the exact same Exhibit T to support his claim that a wholly different company, Juniper Networks, infringed on the '331 patent.  This makes the court highly suspect of plaintiff's claims, and indicates plaintiff is simply trying to harass defendant—a potential violation of the Federal Rules.  See Rule 11(b) (requiring that a plaintiff's claims not be presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and requiring any claims be nonfrivolous and have evidentiary support).

1   working from a pleading with additional facts seems wise.  Other courts have required parties to

2   "state early in the litigation and with specificity their contentions with respect to infringement."

3   O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006).  The

4   court will adopt this approach in this case, since the goal of any pleading in federal court is to

5   "provide reasonable notice to the defendant" under Rule 8 why plaintiff has a reasonable chance

6   of proving infringement.  Huang v. Nephos Inc., 2019 WL 2996432, *2 (N.D. Cal. July 9, 2019).

7   Plaintiff stated he could provide an amended complaint within 30 days, and defendant acceded to

8   this plan of action.  Thus, the court grants plaintiff leave to amend, as per the standards below.

9   **STANDARDS FOR AMENDMENT**.

10   Plaintiff shall provide facts speaking to each element of each cause of action, as detailed

11   in sections A and B below.  Further, plaintiff shall follow the general pleading standards set forth

12   in section C.  Finally, prior to filing, plaintiff shall thoroughly review Rule 11 of the Federal

13   Rules of Civil Procedure before reasserting his claims.  Violations of Rule 11 are sanctionable.

14   **A.  Direct Infringement**

15   "Direct infringement requires proof by preponderance of evidence that the defendant

16   performs (if a method claim) or uses (if a product claim) each element of a claim, either literally

17   or under the doctrine of equivalents."  Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.,

18   725 F.3d 1341, 1348 (Fed. Cir. 2013).  To state a claim for direct infringement, the plaintiff must

19   plead the following elements: (1) the plaintiff is the owner of a duly issued patent, (2) the

20   defendant is infringing the patent by making, selling or using a device that embodies the patented

21   invention and (3) the plaintiff has given the defendant notice of the infringement.  Anticancer,

22   Inc. v. Leica Microsystems, Inc., 2012 WL 12862585, at *2 (S.D. Cal. May 14, 2012).

23   "Infringement is a question of fact and can be found when . . . a product contain[s] 'each

24   and every limitation set forth in a [patent] claim.'" Regents of Univ. of Michigan v. Leica

25   Microsystems Inc., 2020 WL 2084891, at *3 (N.D. Cal. Apr. 30, 2020) (citing CenTrak, Inc. v.

26   Sonitor Techs., Inc., 915 F.3d 1360 (Fed. Cir. 2019).  "To sufficiently plead a claim of direct

27   infringement under Twombly and Iqbal, plaintiffs [must] plausibly allege that the accused product

28   practices each of the limitations found in at least one asserted claim."  Id. at *3; see also

8

Medsquire LLC v. Spring Med. Sys. Inc., 2011 WL 4101093, at *2 (C.D. Cal. Aug. 31, 2011) ("[T]here is no reason to believe that the Supreme Court intended to exclude patent infringement claims from the 'plausibility' requirement of Rule 8(a).").

"Infringement under the doctrine of equivalents may be established by showing that 'the substitute element matches the function, way, and result of the claimed element.'" Charles Mach. Works, Inc. v. Vermeer Mfg. Co., 723 F.3d 1376, 1380 (Fed. Cir. 2013).  More specifically, a doctrine of equivalents infringement claim can be established by showing the substitute element, "(1) has substantially the same function as the recited element, (2) achieves that function in substantially the same way, and (3) achieves substantially the same result." Id.

### B.  Indirect Infringement

Induced infringement requires both direct infringement and a showing that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" McRee v. Goldman, 2012 WL 3745190, at *3 (N.D. Cal. Aug. 28, 2012) (citing Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1354-55 (Fed. Cir. 2008)). "Induced infringement requires more than mere knowledge of the induced acts; rather, the accused must have 'knowledge that the induced acts constitute patent infringement.'" Id. at *3 (citing Global–Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2068 (2011)).

"[A] plaintiff claiming contributory infringement must allege and ultimately prove four elements:  (1) the defendant sold a component or a material for use in practicing the patented process; (2) the component or material constitutes a material part of the invention; (3) the defendant knew that the item it sold was especially made or adapted for use in infringing the patented process; and (4) the item sold is not a staple article or commodity of commerce suitable for substantial noninfringing use." Hoffmann-La Roche Inc. v. Promega Corp., 1994 WL 761241, at *10 (N.D. Cal. June 13, 1994).

### C.  General Pleading Standards

The new complaint shall:

i.    be captioned "Second Amended Complaint";
ii.   be limited to 15 pages (excluding any appended exhibits), with either legible

handwriting or text utilizing a font size of 12 Times New Roman (or equivalent) and double spacing (*pages exceeding the page limit will be stricken*);

   iii.    providing a factual basis for any asserted claim, including:
- a. the connection between the '331 patent and the Cisco IC's at issue;
- b. Genesis's knowledge and specific intent regarding any indirect infringement;
- c. Information showing that plaintiff's expert has compared plaintiff's patent with the products at issue in this litigation, and concluded that the products infringe the patent;

   iv.    include a general background facts section to orient the reader only as necessary;

   v.    include statements for jurisdiction, venue, and relief sought;

   vi.    refrain from relying solely on any conclusory factual allegations, such as "defendant directly or indirectly infringed on the '331 patent";

   vii.    refrain from alleging redundant, immaterial, impertinent, or scandalous matters;

   viii.    address any other pleading deficiencies outlined above; and

   ix.    be filed within 30 days of this order.

The court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete, as an amended complaint supersedes the original complaint. In other words, once the amended complaint is filed, the original complaint no longer serves any function in the case. See Local Rule 220 (requiring an amended complaint be complete without reference to any prior pleading).

If plaintiff elects to proceed with this action, he shall familiarize himself with this court's Local Rules (at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/) and the Federal Rules of Civil Procedure. Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes their pleadings, pro se litigants are expected to comply with all procedural rules and court orders.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines he is unable to state any viable claims in accordance with his obligations under Rule 11, he may file a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i). This voluntary dismissal should be filed within 30 days of this order.

////

////

////

1

## **ORDER**

2      Accordingly, IT IS HEREBY ORDERED:

3      1.  Plaintiff's motion to strike (ECF Nos. 22, 32) is DENIED;

4      2.  Plaintiff is granted leave to amend his complaint;

5      3.  Given the pending amendment, defendant's motion to dismiss (ECF No. 13) is

6          MOOT; and

7      4.  The status conference, currently set for January 28, 2021, is VACATED.

8  Dated:  December 15, 2020

9

10                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
11  huan.1713

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28